UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X
JUAN ADRIEL DE LEON MELENDEZ, on behalf of himself
And all others similarly situated,

Plaintiff,                                          Case No.:

-against-                                           **COMPLAINT**

PARADIGM MARKETING CONSORTIUM INC.,
D/B/A UNITED SUPPLY SYSTEMS

Jury Trial Demanded

Defendant.
---------------------------------------------------------------------------X

Plaintiff JUAN ADRIEL DE LEON MELENDEZ (hereinafter, "PLAINTIFF" or

"MELENDEZ"), on behalf of himself and all others similarly situated, by and through his

undersigned attorneys, PERVEZ & REHMAN, P.C. files this Complaint against Defendants

PARADIGM MARKETING CONSORTIUM INC., d/b/a UNITED SUPPLY SYSTEMS

(hereinafter, "DEFENDANT" and/or "UNITED SUPPLY SYSTEMS"), stating as follows:

## INTRODUCTION

1. This is a civil action for claims of unlawful employment practices and to provide

   appropriate relief to PLAINTIFF, and those similarly situated, who were adversely

   affected by these actions.

2. This is an action seeking declaratory, injunctive and equitable relief, as well as

   monetary damages, to redress DEFENDANT'S violations of the Fair Labor Standards

   Act, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter "FLSA"); PLAINTIFF is

   entitled to recover from DEFENDANT for: (a) unpaid wages, (b) unpaid minimum

   wage, (c) unpaid overtime compensation, (d) retaliation, (e) liquidated damages, (f)

   prejudgment and post-judgment interest, (g) attorney's fees and costs

1

3. PLAINTIFF further alleges that, pursuant to the New York Labor Law (hereinafter "NYLL"), he is entitled to recover from DEFENDANT for: (a) unpaid minimum wage, (b) unpaid overtime compensation, (c) whistleblower retaliation, (d) failure to provide spread of hours pay, (e) retaliation, (f) liquidated damages, (g) prejudgment and post-judgment interest, and (h) attorneys' fees and costs.

4. Specifically, DEFENDANTS violated the FLSA and NYLL by failing to pay PLAINTIFF for overtime hours worked.

5. Further, DEFENDANT violated the FLSA and New York Labor Law §215, NYLL §740 by retaliating against PLAINTIFFS for complaining about unpaid wages.

6. Specifically, DEFENDANT violated FLSA and NYLL by terminating PLAINTIFF in a retaliatory manner after he engaged in protected activity.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action as it is a trial court of unlimited original jurisdiction for the State of New York.

8. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over PLAINTIFF's state law claims pursuant to 28 U.S.C. § 1367.

9. This Court has personal jurisdiction over the DEFENDANT because the claims alleged in the action, including failure to pay and retaliation, took place in the State of New York.

10. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

### *PLAINTIFF*

11. At all times relevant to this action, PLAINTIFF MELENDEZ was and is a resident of Suffolk County, State of New York.

12. At all relevant times, PLAINTIFF MELENDEZ met the definition of an "employee" under FLSA and NYLL , and other relevant laws.

13. PLAINTIFF MELENDEZ is a former employee of DEFENDANT.

14. PLAINTIFF MELENDEZ was employed by DEFENDANT from approximately August 20, 2021 until his unlawful termination on March 27, 2026.

15. PLAINTIFF brings this action on behalf of himself and all other similarly situated misclassified employees of DEFENDANT in the State of New York.

16. At all relevant times, Plaintiff and the Class Members, who are residents of New York State, were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

### *DEFENDANTS*

17. DEFENDANT UNITED SUPPLY SYSTEMS is a wholesale distributor.

18. At all times relevant to this action, DEFENDANT is a domestic business corporation engaged in business in the State of New York with a principal place of business at 30 Stewart Ave, Huntington, NY 11743.

19. At all times relevant to this action, DEFENDANT is an employer of PLAINTIFF.

20. Upon information and belief, during all relevant times, DEFENDANT had ten (10) or more employees.

3

21. During the relevant period of time, DEFENDANT had the power to hire fire, discipline and control the working conditions of PLAINTIFF and those similarly situated and exerted that control during all relevant times.

**FACTUAL ALLEGATIONS**

22. PLAINTIFF was hired by DEFENDANT as a Warehouse Worker.

23. As a Warehouse Worker, PLAINTIFF earned $21.00 per hour.

24. As a Warehouse Worker, PLAINTIFF's job duties included, but were not limited to, opening the warehouse, receiving shipments, inventory consolidation, fulfilling orders, and repacking orders.

25. As a Warehouse Worker, PLAINTIFF was entitled to overtime compensation for any and all hours worked in excess of forty (40) hours per week.

26. PLAINTIFF regularly arrived at 7:00 am and left the warehouse around 4:30 each day, Monday to Friday.

27. PLAINTIFF regularly worked nine and a half (9.5) hours per day, five days per week.

28. PLAINTIFF regularly worked at least 47.5 hours per week as a warehouse worker.

29. PLAINTIFF did receive overtime compensation for all hours worked in excess of forty (40) hours per week as a warehouse worker.

30. In or about April 2025, Mr. Melendez was promoted to a Warehouse Manager.

31. In this position, Mr. Melendez was reclassified as a salaried employee, earning $80,000 annually.

32. Mr. Melendez was paid this salary weekly in amounts of $1,538.47.

33. PLAINTIFF's primary duties did not materially change with this new position.

34. PLAINTIFF continued to perform non-exempt physical warehouse operations including picking, packing, inventory consolidation, fulfilling orders, and other manual labor tasks.

35. PLAINTIFF was frequently obligated to cover warehouse employees or work among the warehouse workers to help them fulfill their duties.

36. PLAINTIFF was stripped of his authority to hire or fire employees, and his input into personnel decisions was not afforded "particular weight".

37. With this reclassification, Mr. Melendez was denied overtime compensation.

38. PLAINTIFF frequently worked twelve (12) hours per day.

39. On or about January 14, 2026 Mr. Melendez was mandated by management to work up to fifteen (15) hours daily.

40. PLAINTIFF was asked by Keith Ronelt, his manager, to arrive to work at 5 a.m. each morning.

41. When PLAINTIFF was originally hired by United Supply Systems, PLAINTIFF was informed that he would be expected to arrive at 9 a.m.

42. After about January 14, 2026, PLAINTIFF was mandated to work for 14-15 hours a day, performing manual labor.

43. PLAINTIFF and similarly situated employees worked 14-15 hours per day, five days per week.

44. Mr. Melendez and similarly situated employees regularly worked in excess of forty (40) hours per week.

45. PLAINTIFF and similarly situated employees regularly worked 70-75 hours per week.

46. PLAINTIFF and similarly situated employees were not paid overtime wages for any and all overtime hours worked as a Warehouse Manager.

47. During these hours, PLAINTIFF and similarly situated employees performed largely non-managerial, non-supervisory, manual labor.

48. PLAINTIFF and similarly situated employee's job duties did not meet the requirements of an exempt employee.

49. PLAINTIFF and similarly situated employee's primary duties were manual and non-managerial.

50. PLAINTIFF and similarly situated employees did not exercise the level of independent judgement or supervisory authority required to qualify for an executive or administrative exemption.

51. PLAINTIFF and similarly situated employees functioned as a "working manager", spending a majority of work hours performing the same labor-intensive tasks as hourly employees, while simultaneously being held responsible for warehouse operations.

52. DEFENDANT improperly classified PLAINTIFF and similarly situated employees as exempt from overtime compensation.

53. DEFENDANT violated the FLSA, 29 U.S.C. § 201 *et seq.*, and corresponding state labor laws, by improperly classifying PLAINTIFF as an exempt employee.

54. DEFENDANT knowingly and willfully failed to pay PLAINTIFF and similarly situated employees their lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

55. Additionally, DEFENDANT did not provide PLAINTIFF and similarly situated employees with spread of hours pay pursuant to NYLL §§ 650, *et seq.*, and the

regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

56. PLAINTIFF and similarly situated employees were subject to working in unsafe conditions, including but not limited to equipment failures and operational congestion, blocked warehouse aisles, improper stacking and excessive weight of pallets, and obstruction of fire egress aisles.

57. PLAINTIFF repeatedly reported these conditions, exercising his rights under the anti-retaliation provisions of the Occupational Safety and Health Act ("OSHA"), NYLL and corresponding state labor laws.

58. On January 8, 2026, DEFENDANT admitted that the warehouse was in violation of applicable safety standards.

59. On January 28, 2026, PLAINTIFF issued a formal "Final Notice" warning that the warehouse had exceeded lawful capacity and posed imminent safety risks.

60. United Supply Systems then authorized emergency inventory transfers, corroborating the legitimacy of his complaints.

61. On or about March 16, 2026, Mr. Melendez again reported that the warehouse was obstructing a designated fire egress aisle in violation of fire and safety regulations.

62. Mr. Melendez was being directed to "break the law".

63. United Supply Systems then stripped him of managerial authority by reassigning staff and removing operational control, while continuing to hold him accountable for warehouse operations.

64. DEFENDANT's actions constitute materially adverse employment actions under whistleblower retaliation standards.

7

65. Following a water pipe failure on March 24, 2026, PLAINTIFF reported the violation and sought remediation, which was refused by DEFENDANT.

66. Less than forty-eight (48) hours later, on March 27, 2026, DEFENDANT terminated Mr. Melendez's employment without cause.

67. The temporal proximity between Mr. Melendez's protected disclosures and his termination gives rise to a strong inference of retaliatory intent.

68. Accordingly, United Supply Systems' actions constitute unlawful retaliation against a whistleblower in violation of OSHA, applicable whistleblower protection laws, and other federal, state and local laws.

69. Mr. Melendez's termination was not based on any legitimate, non-retaliatory business reason, but rather was the direct and proximate result of his repeated and well-documented complaints regarding unsafe, unlawful, and non-compliant working conditions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

70. PLAINTIFF brings this action individually and as a class representative on behalf of himself and all other current and former Warehouse Managers who have been or were employed by Defendants in New York at any time since the filing of this Complaint (and through the entry of judgement in this case (the "Collective Action Period") who worked as Warehouse Managers or in similar positions (The "Collective Action Members").

71. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole

control of United Supply Systems, upon information and belief, there are more than 10 Collective Action Members who worked for United Supply Systems during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

72. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. PLAINTIFF has no interests that are contrary to or in conflict with those members of this collective action.

73. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of interests of the other members who are not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

74. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

75. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

76. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because United Supply Systems has acted on grounds generally applicable to all members. Among the common questions of law and fact common to PLAINTIFF and other Collective Action Members are:

   a. Whether United Supply Systems employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

   b. Whether United Supply System failed to keep true and accurate time records for all hours worked by PLAINTIFF and the Collective Action Members;

   c. What proof of hours worked is sufficient where the employer fails in its duty to maintain records;

   d. Whether PLAINTIFF and the Collective Action Members performed manual labor in their role as Warehouse Manager;

   e. Whether United Supply Systems unlawfully failed to pay PLAINTIFF and the Collective Action Members overtime compensation at the statutory rate of time and one-half for all hours worked in excess of forty (40) per week in violation of the FLSA;

   f. Whether United Supply Systems unlawfully misclassified PLAINTIFF and the Collective Action Members as exempt under the FLSA;

   g. Whether United Supply System's violations of the FLSA are defined as willful within the context of the FLSA; and,

> h.  Whether United Supply System is liable for all damages claimed hereunder, including but not limited to: compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

77. PLAINTIFF knows of no difficulty that will be encountered in management of this litigation that would preclude its maintenance as a collective action.

78. PLAINTIFF and others similarly situated have been substantially damaged by United Supply System's wrongful conduct.

### FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

79. Pursuant to the NYLL, PLAINTIFF bring this action under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and the following class:

> a.  All persons employed by Defendants in New York at any time since the filing of this Complaint and through the entry of judgement in this case (the "Class Period") who worked as Warehouse Managers or in similar positions (the "Class Members")

80. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

81. The Class Members are so numerous that joinder of all members is impracticable.

82. Upon information and belief, there are in excess of 10 Class Members.

83. The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

a. Whether United Supply Systems employed Plaintiff and the Class Members within the meaning of the NYLL;

b. Whether United Supply System failed to keep true and accurate time records for all hours worked by PLAINTIFF and the Class Members;

c. Whether DEFENDANTS failed and/or refused to pay PLAINTIFF and the Class Members for any hours worked over forty (40) in a given workweek.

d. Whether DEFENDANTS failed and/or refused to pay PLAINTIFF and Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek at a rate equal to one and one half times their regular rate or at a minimum one and one half times New York State's minimum wage;

e. Whether DEFENDANT's failure to properly pay PLAINTIFF and the Class Members lacked a good faith basis;  and,

f. Whether DEFENDANT is liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs, and disbursements and attorneys' fees.

84. PLAINTIFF's claims are typical of the Class Members' claims. PLAINTIFF, like all Class Members, is a Warehouse Manager who worked for DEFENDANT pursuant to their corporate policies. PLAINTIFF, like all Class Members, were, inter alia, not paid overtime wages at one and one half times minimum wage for all hours worked over forty (40) in a  given workweek and did not receive proper wage statements and wage notices.

85. If DEFENDANT is liable to PLAINTIFF for the misclassification claims enumerated on this Complaint, they are also liable to all Class Members for damages accrued from misclassification.

86. PLAINTIFF and their Counsel will fairly and adequately represent the Class. There are no conflicts between PLAINTIFF and the Class Members, and PLAINTIFF brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover their own damages.

87. PLAINTIFF's counsel are experienced and are well-prepared to represent the interests of the Class Members.

88. A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

89. DEFENDANT is a sophisticated party with substantial resources. The individual PLAINTIFF lack the financial resources to vigorously prosecute a lawsuit in federal court against DEFENDANT.

90. The individual members of the Class have no interest or capacity to bring separate actions; PLAINTIFF is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## FIRST CAUSE OF ACTION

### (Violations of the New York Labor Law: Failure to Provide Accurate Wage Statements)

1. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

2. DEFENDANT willfully failed to supply PLAINTIFF with an accurate statement of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

3. Due to DEFENDANTS' violations of the NYLL, PLAINTIFF is entitled to recover from DEFENDANTS two hundred and fifty dollars ($250.00) for each day that the violations occurred or continued to occur, or a total of five thousand dollars ($5,000.00), as provided for by NYLL, Article 6, §§ 190 *et seq.*, in addition to reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## SECOND CAUSE OF ACTION

### (Violations of the New York Labor Law: Failure to Provide Wage Notice)

1. PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

2. DEFENDANT willfully failed to supply PLAINTIFF with notice as required by Article 6, § 195(1), in English or in the language identified by PLAINTIFF as his primary language, containing PLAINTIFF's rate of pay and basis thereof, whether by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay designated by the employer in accordance with the New York Labor Law, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer, the physical address

14

of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

3. Due to DEFENDANTS' violations of the NYLL, PLAINTIFF is entitled to recover from DEFENDANTS fifty dollars ($50.00) for each work day that the violations occurred or continued to occur, up to a maximum of five thousand dollars ($5,000), as provided for by NYLL, Article 6, §§ 190 *et seq.*, in addition to reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## THIRD CAUSE OF ACTION

### (Fair Labor Standards Act: Unpaid Overtime)

91. PLAINTIFF on behalf of himself and the collective action members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92. DEFENDANTS' willfully violated PLAINTIFF's and collective action members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular  rate of pay for hours worked in excess of forty (40) each week, in violation of the FLSA, 29 U.S.C.  §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

93. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA  within the meaning of 29 U.S.C. § 255(a).

94. DEFENDANT improperly classified PLAINTIFF as an exempt employee.

95. To qualify for the executive exemption, the employer must establish that the employee's primary duty is management, that the employee customarily directs the work of at least

two full-time employees, and that the employee possesses meaningful authority over hiring, firing, or personnel decision.

96. PLAINTIFF was stripped of his authority over hiring, firing, and other personnel decisions.

97. PLAINTIFF and collective action member's primary duty were not managerial in nature; instead it was performing manual labor tasks such as picking, packing, loading, and consolidating inventory.

98. PLAINTIFF often took initiative and worked alongside the warehouse crew, performing manual labor alongside them.

99. PLAINTIFF did not spend a majority of their time directing time-consuming physical tasks such as repacking.

100. Instead, Mr. Melendez had no choice but to work among the warehouse workers to complete these massive and urgent manual tasks.

101. Further, PLAINTIFF did not exercise the level of independent judgement or discretion required for either the executive or administrative exemptions.

102. DEFENDANTS willfully, regularly, and repeatedly failed to pay overtime compensation, which caused PLAINTIFF to suffer loss of wages and interest thereon. PLAINTIFF are entitled to recover from DEFENDANTS their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

103.    As a result of DEFENDANTS' willful and unlawful conduct, PLAINTIFF are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest and attorneys fees and costs.

## FOURTH CAUSE OF ACTION

### (New York Labor Law: Unpaid Overtime)

104.    PLAINTIFF on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

105.    DEFENDANTS stripped PLAINTIFF of his authority to hire and fire, and did not grant his input any "particular weight".

106.    PLAINTIFF and Class Members did not have significant control over work schedules or working conditions and did not have employees to delegate tasks to.

107.    PLAINTIFF was forced to change his work schedule and duties based on the working conditions, understaffing of the warehouse department, and accordingly the need for additional help completing warehouse tasks.

108.    PLAINTIFF and Class Members were instructed by management when to arrive and what duties to complete.

109.    DEFENDANTS willfully violated PLAINTIFF and Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) each week, in violation of the NYLL and regulations promulgated thereunder.

110.    DEFENDANTS willfully, regularly, and repeatedly to pay overtime premium compensation caused PLAINTIFF and Class Members to suffer loss of wages and

interest thereon. PLAINTIFF and the Class Members are entitled to recover from DEFENDANTS their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to the NYLL.

111.    As a result of DEFENDANTS' willful and unlawful conduct, PLAINTIFF and Class Members are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest and attorneys fees and costs.

## FIFTH CAUSE OF ACTION

### (New York Labor Law: Unpaid Spread-of-Hour Premiums)

112.    PLAINTIFF, on behalf of himself and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

113.    DEFENDANT willfully violated PLAINTIFF and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the applicable minimum wage in all instances where PLAINTIFF and Class Members worked either a split shift or more than 10 hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

114.    DEFENDANT's failure to pay spread-of-hours compensation caused PLAINTIFF to suffer loss of wages and interest thereon. PLAINTIFF and Class Members are entitled to recover from DEFENDANT their unpaid spread-of-hours compensation, damages for

unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION

### (Violations of NYLL- Whistleblower Retaliation)

115.    PLAINTIFF repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

116.    At all times relevant herein, DEFENDANT were a covered person or entity within the meaning of New York Labor Law § 740(2)(a) and relevant local laws.

117.    PLAINTIFF disclosed to DEFENDANT activities and practices of DEFENDANT that PLAINTIFF reasonably believed was in violation of law, rule, regulation, or pose a substantial and specific danger to public health or safety.

118.    PLAINTIFF engaged in protected activity by repeatedly reporting unsafe working conditions in violation of OSHA.

119.    DEFENDANT took retaliatory action against PLAINTIFF because of PLAINTIFF's protected activity.

120.    DEFENDANT stripped PLAINTIFF of his managerial position after PLAINTIFF reported various safety violations.

121.    DEFENDANT terminated PLAINTIFF's employment less than forty-eight (48) hours after his complaint regarding OSHA sanitation violations.

122.    There is a causal connection between PLAINTIFF's protected activity and the retaliatory action.

## SEVENTH CAUSE OF ACTION

### (Violations of New York Labor Law § 215 - Unlawful Retaliation)

123.  PLAINTIFFS repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

124.  DEFENDANTS engaged in unlawful retaliatory practices against PLAINTIFFS, including but not limited to, terminating PLAINTIFFS after complaining about the unlawful employment practices.

125.  PLAINTIFF's termination was not based on any legitimate, non-retaliatory business reason.

126.  PLAINTIFF engaged in protected activity, under NYLL § 740(2), by internally complaining to management about workplace safety and legal compliance.

127.  The temporal proximity between PLAINTIFF's protected activity and his termination provides grounds for retaliatory intent.

128.  DEFENDANTS have retaliated against PLAINTIFF in the past by stripping PLAINTIFF of his managerial authority following his reports of safety concerns.

129.  DEFENDANT's conduct constitutes unlawful retaliation in violation of NYLL § 215 (1)(a).

130.  DEFENDANTS retaliatory actions against PLAINTIFFS affected the status, terms, conditions, and privileges of their employment.

131.  As a result of DEFENDANTS  actions, PLAINTIFFS experienced both economic and emotional losses in retaliation.

**PRAYER FOR RELIEF**

**WHEREFORE**, upon all of the facts, allegations, and causes of action as set forth and alleged herein, PLAINTIFFS respectfully requests that this Court:

A. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

B. An award of compensatory damages as a result of DEFENDANTS' failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

C. An award of liquidated and/or punitive damages as a result of DEFENDANTS' willful failure to pay overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

D. An award of full wages, benefits and wage supplements and liquidated damages accrued during the six years previous to the commencing of this action for violations of N.Y. Lab. L. § 191(1)(a), and half of the total wages that should have been paid on a weekly basis as liquidated damages.

E. An award of back pay, front pay, emotional damages for retaliatory conduct and all other available damages under the law;

F. An award of prejudgment and post-judgment interest;

G. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

H. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: Commack, New York
      July 23, 2026

              Respectfully Submitted,

              **Pervez & Rehman, P.C.**
              *Attorneys for Plaintiffs*

              By: Aneeba Rehman, Esq.
              Nadia M. Pervez, Esq.
              6268 Jericho Turnpike, Suite 8,
              Commack, NY 11725

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JUAN ADRIEL DE LEON MELENDEZ, on behalf of himself
And all others similarly situated,

      Plaintiff,                               Index. No.:

      -against-                                VERIFICATION

PARADIGM MARKETING CONSORTIUM INC. d/b/a
UNITED SUPPLY SYSTEMS.

      Defendant
-----------------------------------------------------------------------X

STATE OF NEW YORK          )
ss.:
COUNTY OF SUFFOLK        )

I, JUAN ADRIEL DE LEON MELENDEZ, am the PLAINTIFF in the above action. I have read
the foregoing Complaint and know the contents thereof. The contents are true to my own
knowledge except as to matters therein stated to be alleged upon information and belief, and as
to those matters I believe them to be true.

_____
JUAN ADRIEL DE LEON MELENDEZ

Sworn to before me on this ___23___ day of ____July____,
2026.

_____
Notary Public

ANEEBA REHMAN
Notary Public, State of New York
No. 02RE6299943
Qualified in Nassau County
Commission Expires June 11, 2030

**CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT**

I, JUAN ADRIEL DE LEON MELENDEZ, am a former employee of PARADIGM MARKETING CONSORTIUM INC., D/B/A UNITED SUPPLY SYSTEMS, and I consent to be a Plaintiff in the above captioned action to collect unpaid wages, unpaid overtime pay, unpaid minimum wages, unpaid spread of hours premium, damages for unlawful retaliation, and damages for inaccurate wage statements on behalf of myself and those similarly situated.

Dated:   Commack, New York
         July 23, 2026.


_____
Juan Adriel De Leon Melendez


Sworn to before me on this _23_ day of _____July_____, 2026.